THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STANLEY R. SILER,

        Plaintiff,

        v.

DILLINGHAM SHIP REPAIR,
SEDGWICK OF OREGON, INC.,
BARRY GROCE, BRUCE A. BOTTINI, and
EMERY AND SON'S CONSTRUCTION, INC.,

        Defendants.

Civil No. 06-1693-HA

O R D E R

HAGGERTY, Judge:

      Plaintiff filed this action and an application to proceed *in forma pauperis* in late 2006. An examination of the application as submitted indicates that plaintiff is unable to afford the costs of this action. However, for the reasons set forth below, plaintiff's Complaint is dismissed on the basis that it is frivolous. *See* 28 U.S.C. § 1915(d). Accordingly, plaintiff's Application to Proceed *in forma pauperis* [1] is denied as moot, and his "Motion for Judicial Summons" [9], Motion for Claim for Relief [14], Motion to Dismiss [15] and Motion to Set Trial Date [21] are similarly denied.

1    - ORDER

Alternatively, the Motion to Dismiss Plaintiff's Complaint [7] filed by Barry Groce and Bruce A. Bottini and the Motion to Dismiss filed by Emery and Son's Construction, Inc. [11] are meritorious and warrant dismissal of this action as well.

A complaint filed *in forma pauperis* may be dismissed if it is deemed frivolous under 28 U.S.C. § 1915(d). *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 325; *Lopez v. Dept. of Health Serv.*, 939 F.2d 881, 882 (9th Cir. 1991); *Jackson*, 885 F.2d at 640. The term "'frivolous' . . . embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325 (footnote omitted); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991); *Jackson*, 885 F.2d at 640.

Accordingly, in reviewing a complaint for frivolity, a trial court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. In determining whether a complaint possibly raising civil rights claims is frivolous under § 1915(d), this court is mindful of the requirement to construe liberally the allegations of a *pro se* plaintiff and to afford the plaintiff the benefit of any doubt. *Lopez*, 939 F.2d at 883.

This court has scrutinized the assorted allegations raised by plaintiff in his Complaint and subsequent filings. Plaintiff levels charges against several parties including Dillingham Ship Repair, an entity that plaintiff alleges should have some liability for an injury plaintiff suffered and an entity that he has attempted to sue many times before, Sedgwick of Oregon, Inc., an alleged insurer of Dillingham, Barry Groce, an individual who allegedly seized plaintiff's property and an individual plaintiff has attempted to sue many times before, Bruce A. Bottini, an

attorney once retained by plaintiff, and Emery and Son's Construction, Inc., an entity whose employee allegedly was involved in an automobile accident with plaintiff.

Plaintiff asserts that these individuals have engaged in negligence and "unfair trade practices" and should be liable for "monetary damages" in the amount of five billion dollars, and that plaintiff should also collect "statutory" and "treble" damages.

The court finds that the factual allegations fail to state actionable claims. Regardless of how liberally the complaint is construed, there is no basis to believe from the assertions made by plaintiff that he would be entitled to any remedy in this court. Although construing these claims liberally, this court is compelled to pierce the veil of the complaint's factual allegations and dismiss the claims as baseless. Accordingly, the complaint is subject to *sua sponte* dismissal.

The jurisdictional challenges asserted by defendants Groce and Bottini and defendant Emery and Sons Construction, Inc., are also well-taken and the Complaint would be subject to dismissal on the grounds presented in their motion, as well.

Furthermore, this court notes that in 1996 this court ordered that certain filings from this plaintiff would be subject to pre-filing review to determine whether the filing was repetitious or frivolous. This court's preliminary evaluation is that this action may be repetitious of prior meritless filings from this plaintiff. Rather than refusing to allow the case to be filed, however, the court concludes that a formal dismissal of the Complaint is proper for the reasons stated above, and that at the same time a revised Pre-Filing Order should be proposed. Plaintiff is permitted the opportunity to file formal objections to this proposed Order before it is entered.

The Ninth Circuit has emphasized that district courts "bear an affirmative obligation to ensure that judicial resources are not needlessly squandered on repeated attempts by litigants to misuse the courts. Frivolous and harassing claims crowd out legitimate ones and need not be

tolerated repeatedly by the district courts." *O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir. 1990).

In *O'Loughlin*, the Ninth Circuit provided guidance regarding how to address the problem of an incarcerated litigant repeatedly filing claims that prove to be frivolous. In considering a prisoner's repeated filings, the court acknowledged that "[a]n order limiting a prisoner's access to the courts must be designed to preserve his right to adequate, effective and meaningful access [to the courts]. . . while preserving the court from abuse." *Id*. at 617 (citation omitted). This court believes that these concerns apply similarly to *pro se* litigants who are not incarcerated, such as plaintiff.

To maintain "this delicate balance between broad court access and prevention of court abuse," the Ninth Circuit has instructed that (1) a plaintiff must be given adequate notice to oppose a restrictive pre-filing order before it is entered; (2) a trial court must present an adequate record for review by listing the case filings that support its order; (3) the trial court must further make substantive findings as to the frivolousness or harassing nature of the plaintiff's filings; and (4) the order must be narrowly tailored to remedy only the plaintiff's particular abuses." *Id*., citing *DeLong v. Hennessey*, 912 F.2d 1144, 1147-49 (9th Cir. 1990).

This court notes that plaintiff has, to date, filed multiple prior actions in federal court, including but not limited to:

3:06-cv-06-1693 Siler vs. Dillingham Ship Repair, et al.;

3:99-cv-363 Siler vs. Dillingham Ship Repair, et al.;

3:97-cv-1557 Siler vs. Dillingham Ship Repair, et al.;

3:96-cv-1093 Siler vs. Dillingham Ship Repair, et al.;

3:94-cv-609 Siler vs. Dillingham Ship Repair, et al.;

3:90-cv-251 Siler vs. Dillingham Ship Repair, et al.

A review of these actions and their dispositions confirms that each has been dismissed as lacking merit. This court has also reviewed the docketing records of the filings and explicitly finds that all or most of the actions were dismissed for lack of merit; this court reiterates that plaintiff's previous filings have routinely lacked merit and have necessitated dismissal. The court records suggest that disputes about plaintiff's alleged injury at Dillingham and various property seizures were raised in most of these filings, and that there have been at least two court orders directing plaintiff to refrain from frivolous filings. Such proceedings support the imposition of some limitation upon future frivolous filings by plaintiff.

Accordingly, the court gives notice to plaintiff that the following restrictive, narrowly tailored, pre-filing order is under consideration for issuance. Plaintiff may file any opposition or objection to the proposed restrictions no later than May 1, 2007. If no objections are filed by this date, the court will enter the following revised Order:

**PROPOSED PRE-FILING ORDER:**

**After review of the plaintiff's repeated filings, and careful evaluation of the allegations and assertions presented by plaintiff in all of these filings, this court makes substantive findings that plaintiff's claims in these filings were, and continue to be, frivolous. Plaintiff has repeatedly failed to state a claim on which relief may be granted, and repeatedly seeks relief against defendants from whom this court cannot order the relief sought.** *See generally* **28 U.S.C. § 1915(e)(2), formerly 28 U.S.C. § 1915(d);** *see also Neitzke v. Williams*, **490 U.S. 319, 324 (1989);** *Jackson v. State of Ariz.*, **885 F.2d 639, 640 (9th Cir. 1989).**

5       - ORDER

This Court remains mindful of the requirement to construe the allegations of a *pro se* plaintiff liberally, and to afford the plaintiff the benefit of any doubt.  *Lopez v. Dept. of Health Svs.*, 939 F.2d 881, 883 (9th Cir. 1991).  Under Fed. R. Civ. P. 8(a)(2), however, all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Plaintiff has repeatedly failed to comply with these guidelines.  Plaintiff has repeatedly failed to establish that jurisdiction exists in this court for his myriad filings, and has failed to demonstrate that the filings state any claim entitling him to relief from this court.  Instead, plaintiff's assertions appear to be based upon suspicions that either a copyright or copyrights that plaintiff allegedly owns are being infringed upon in various ways, and/or that plaintiff is entitled to compensation arising out of an alleged injury and the adjudication of his related claims.

This court finds that plaintiff has engaged in, and is engaging in, repeatedly filing frivolous, abusive and harassing lawsuits and motions.  Plaintiff's positions are not warranted by existing law or by non-frivolous argument, and lack any evidentiary support.  In light of plaintiff's demonstrated willingness to ignore the rulings and instructions of this court, and instead pursue additional, baseless, litigation against various parties, this court is compelled to issue a restrictive pre-filing order imposing the following prerequisites on plaintiff's future filings.

This court is mindful that such an Order must be narrowly tailored to curb the particular abuses of the plaintiff.  See *DeLong v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir.

6       - ORDER

1990) (order enjoining filing of any further actions by plaintiff found overly broad since it was not restricted to actions with issues parallel to those which plaintiff persisted in litigating); *see also Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990) (court order preventing plaintiff from filing any actions without leave of court deemed overly broad where plaintiff had only been overly litigious regarding the same group of defendants). This plaintiff has not limited his filings to a particular set of proposed defendants, and a review of his multiple frivolous filings indicates that a more general pre-filing review is necessary. Accordingly, IT IS HEREBY ORDERED that the plaintiff STANLEY R. SILER, individually, or in alleged connection with any other party, IS SUBJECT TO THE FOLLOWING PRE-FILING REVIEW:

      All filings from STANLEY R. SILER, individually, or in alleged connection with any other party, SHALL BE REVIEWED BY THIS COURT AND ORDERED FILED ONLY IF SUCH FILINGS ARE DEEMED NOT FRIVOLOUS OR REPETITIVE. This Pre-Filing Review Order is effective immediately and shall remain in effect until the court otherwise directs. IT IS SO ORDERED.

## CONCLUSION

      Plaintiff's Complaint is dismissed on the basis that it must be construed as frivolous. *See* 28 U.S.C. § 1915(d). Accordingly, plaintiff's Application to Proceed *in forma pauperis* [1] is denied as moot, and his "Motion for Judicial Summons" [9], Motion for Claim for Relief [14], Motion to Dismiss [15] and Motion to Set Trial Date [21] are similarly denied. The court also notes that the Motion to Dismiss Plaintiff's Complaint [7] filed by defendants Barry Groce and

7    - ORDER

Bruce A. Bottini and the Motion to Dismiss filed by defendant Emery and Son's Construction, Inc. [11] are meritorious and warrant dismissal of this action as well. Those motions are granted in the alternative to this court's *sua sponte* dismissal.

Furthermore, by this Order, plaintiff is given adequate notice and an opportunity to be heard before entry of the court's proposed Order restricting his future filings (draft provided in full above). Plaintiff may file any objections to the proposed Order's filing no later than May 1, 2007.

IT IS SO ORDERED.

DATED this   9   day of April, 2007.

                                                             /s/ Ancer L. Haggerty
                                                            Ancer L. Haggerty
                                                        United States District Judge